Anthony J. Biller (*pro hac vice forthcoming*)
ajbiller@envisage.law
Envisage Law
P.O. Box 30099
Raleigh, NC 27609
Telephone: (984) 344-9191

Sean P. Gates (Cal. Bar. No. 186247)
sean@illovskygates.com
Illovsky, Gates & Calia LLP
155 N. Lake Ave., Suite 800
Pasadena, CA 91101
Telephone: (626) 508-1715

*Attorneys for Plaintiff*
*Shanghai Ruijun Culture*
*Communication Co., Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHANGHAI RUIJUN CULTURE COMMUNICATION CO., LTD., d/b/a FREEBAT-US, a Chinese company, <br><br> Plaintiff, <br><br> vs. <br><br> DBEST PRODUCTS, INC., a California corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Shanghai Ruijun Culture Communication Co., Ltd., doing business as Freebat-US ("Plaintiff" or "Freebat") by and through its attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq*.

2. Plaintiff seeks declaratory judgments that its storage boxes (collectively referred to as the "Non-Infringing Products") do not infringe Defendant's U.S. Patent No. 12,275,446 (the "'446 Patent") or U.S. Patent No. 12,304,546 (the "'546 Patent"), both of which cover specific configurations of collapsible carts. True and correct copies of the '446 Patent and '546 Patent are attached hereto as Exhibits A and B, respectively. Plaintiff also seeks recovery for damages sustained as a result of Defendant's intentional and bad faith interference with Plaintiff's marketing and selling of its products.

3. Plaintiff brings this action in view of the actual controversy created by Defendant under the '446 Patent and '546 Patent. Defendant asserted patent infringement claims without a basis in law or fact against Plaintiff's Non-Infringing Products with Amazon, causing Amazon to remove Plaintiff's listings for the Non-Infringing Products on Amazon.com. Upon information and belief, Defendant has a history of engaging in bad faith patent allegations to harm competitors and potential competitors.

4. This action further arises under the laws of the state of California, to include California Business and Professions Code § 17200 *et seq.* Plaintiff seeks an order remedying Defendant's trade libel, tortious interference with prospective economic advantage, tortious interference with contractual relations, and unfair competition.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

## THE PARTIES

5.      Plaintiff Shanghai Ruijun Culture Communication Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Shanghai, China. Plaintiff is the owner and operator of the "Freebat-US" storefront on Amazon.com, through which it sells products in the United States, including the Non-Infringing Products.

6.      Upon information and belief, Defendant dbest products, Inc. ("Dbest"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 16506 S. Avalon Boulevard, Carson, California 90746. Defendant is the owner and operator of the "dbest products" storefront on Amazon.com, through which it sells products in the United States, including but not limited to its "Quik Box" collapsable storage and organization box product line.

## JURISDICTION AND VENUE

7.      Jurisdiction is proper in this Court because this litigation arises under the Patent Act, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a). This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

8.      A case of actual controversy has arisen between the parties pursuant to 28 U.S.C. § 2201 regarding whether Freebat infringes any claims of Defendant's '446 Patent and '546 Patent, as further set forth herein.

9.      This Court has personal jurisdiction over Dbest because Dbest has its principal place of business in the State of California and within this District, regularly conducts business within this District, and advertises and sells its services through the Internet to California residents. In addition, the claims at issue arise out of or relate in substantial part to Dbest's activities in this District.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

## FACTUAL ALLEGATIONS

**A. The Non-Infringing Products**

11.     Plaintiff conducts business through a storefront on Amazon.com under the name "Freebat-US," offering a variety of storage boxes for sale, including the Non-Infringing Products. These products are identified by Amazon Standard Identification Numbers ("ASINs"), including but not limited to B0CSJM8131 and B0D2NF2L89.

12.     On or about November 21, 2025, Defendant submitted one or more patent infringement complaints to Amazon, alleging that Plaintiff's Non-Infringing Products infringed upon the '446 Patent and '546 Patent. Upon information and belief, Defendant did not obtain samples of Plaintiff's Non-Infringing Products prior to filing its complaint(s) with Amazon alleging patent infringement.

13.     On or about November 21, 2025, Plaintiff received notifications from Amazon informing Plaintiff that Amazon removed its listings for the aforementioned ASINs, due to the alleged infringement of the'446 Patent and '546 Patent. A true and correct copy of the Amazon infringement complaint notice is attached hereto as Exhibit C.

14.     As of the date of filing this Complaint, the ASINs identified above continue to be unavailable from Amazon's platform.

15.     The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for storage boxes, Plaintiff needs the Non-Infringing Products listed in the Amazon marketplace. Amazon has removed the Non-Infringing Products from the marketplace, preventing Plaintiff from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint(s) has caused immediate and irreparable harm to Plaintiff.

**B.  U.S. Patent No. 12,275,446**

16.     The '446 Patent lists dbest products, Inc. as the assignee. *See* Ex. A at 1.

17.     The '446 Patent, titled "High Load Capacity Collapsible Carts," describes its purported invention as "Compressible carts."

18.     Claims 1, 10, 16, and 22 are the only independent claims of the '446 Patent.

19.     Plaintiff's Non-Infringing Products lack multiple required structural and functional limitations in the asserted independent claims of the '446 Patent. A claim-by-claim comparison of the independent claims of the '446 Patent to Plaintiff's Non-Infringing Products demonstrates that Plaintiff's Non-Infringing Products do not meet all the limitations of every asserted independent claim, either literally or under the doctrine of equivalents. A true and correct copy of the claim-by-claim comparison of the independent claims of the '446 Patent to Plaintiff's Non-Infringing Products is attached hereto as Exhibit D.

20.     Claim 1 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition; the right sidewall comprising a first right panel rotatably coupled to a second right panel;

a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel.

*See* Ex. A at 7:14-38.

21.    Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 1 because:

    a.  Claim 1 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
| --- | --- |
|  | |

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

b. Claim 1 requires that the right sidewall and the left sidewall are configured to fold inwardly in the closed condition. In Plaintiff's Non-Infringing Products, neither the right sidewall nor the left sidewall can be folded inwardly. To configure the Plaintiff's Non-Infringing Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

c. Claim 1 requires that the right sidewall comprises a first right panel rotatably coupled to a second right panel. In Plaintiff's Non-Infringing Products, the first right panel is not rotatably coupled to the second right panel. Rather, the first right panel is secured to the rear wall via an engaging structure, and the second right panel is secured to the front wall via an engaging structure. *See* Ex. D.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  | <br> |

d. Claim 1 requires a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel. Plaintiff's Non-Infringing Products do not include a first slideable member moveable between an open position to a closed position. Put differently, Plaintiff's Non-Infringing Products lack a first slideable component designed to adjust its folded or operational state. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  | |

22. Claim 10 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a rigid frame forming a compartment in the open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall,

wherein the right sidewall and the left sidewall are configured to fold inwardly in the closed condition,

wherein the right sidewall comprises a first right panel rotatably coupled to a second right panel,

wherein the first right panel comprises a first locking member in the open condition and the closed condition, and the second right panel

9

comprises a second locking member in the open condition and the closed condition, and

wherein the first locking member cooperatively engages the second locking member to selectively align the first right panel with the second right panel.

*See* Ex. A at 8:15-32.

23.    Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 10 because:

a.  Claim 10 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
| --- | --- |
|  |  |

b.  Claim 10 requires that the right sidewall and the left sidewall are configured to fold inwardly in the closed condition. In Plaintiff's Non-Infringing Products, neither the right sidewall nor the left sidewall can be folded inwardly. To configure the Plaintiff's Non-

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Infringing Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

c. Claim 10 requires that the right sidewall comprises a first right panel rotatably coupled to a second right panel. In Plaintiff's Non-Infringing Products, the first right panel is not rotatably coupled to the second right panel. Rather, the first right panel is secured to the rear wall via an engaging structure, and the second right panel is secured to the front wall via an engaging structure. *See* Ex. D.

11

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  FIG. 1 |   |

24. Claim 16 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a rigid frame forming a compartment in the open condition, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall are configured to fold inwardly in the closed condition, the right sidewall comprising a first right panel rotatably coupled to a second right panel;

a first lock assembly integrated with the first right panel and the second right panel and configured to selectively lock the first right panel with the second right panel in the open condition, the first lock assembly having a first condition for locking the first right panel with

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

the second right panel in the open condition, and a second condition for unlocking the first right panel from the second right panel, and wherein the first lock assembly is integrated with the first right panel and the second right panel in both the closed condition and in the open condition.

*See* Ex. A at 8:56-9:9.

25.   Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 16 because:

a.  Claim 16 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

b.  Claim 16 requires that the right sidewall and the left sidewall are configured to fold inwardly in the closed condition. In Plaintiff's Non-Infringing Products, neither the right sidewall nor the left sidewall can be folded inwardly. To configure the Plaintiff's Non-

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Infringing Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

c. Claim 16 that the right sidewall comprises a first right panel rotatably coupled to a second right panel. In Plaintiff's Non-Infringing Products, the first right panel is not rotatably coupled to the second right panel. Rather, the first right panel is secured to the rear wall via an engaging structure, and the second right panel is secured to the front wall via an engaging structure. *See* Ex. D.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  FIG. 1 |  |

26. Claim 22 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a frame defining a compartment, wherein:

the frame comprises at least five walls, including a first wall, a second wall, a third wall, a fourth wall, and a fifth wall;

at least three of the walls are configured to fold inwardly toward the fifth wall when the cart is in the closed condition;

the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel;

a first fastener configured to selectively secure the first panel and the second panel in the open condition, the first fastener operable between a first state for securing the first panel and the second panel

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

along a first plane in the open condition, and a second state for releasing the first panel and the second panel from the first plane; and wherein the first fastener is integrated with the first right panel and the second right panel in both the closed condition and in the open condition.

*See* Ex. A at 9:28-10:16.

27. Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 22 because:

    a. Claim 22 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

    b. Claim 22 requires that at least three of the walls are configured to fold inwardly toward the fifth wall when the cart is in the closed condition. In Plaintiff's Non-Infringing Products, none of the walls can be folded inwardly. To configure the Plaintiff's Non-Infringing

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. *See* Ex. D.

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

c. Claim 22 requires that the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel. In Plaintiff's Non-Infringing Products, the first panel of the third wall is not rotatably coupled to the second panel of the third wall. Rather, the first panel of the third wall is secured to the rear wall via an engaging structure, and the second panel of the third wall is secured to the front wall via an engaging structure. *See* Ex. D.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '446 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  FIG. 1 |  |

## C. U.S. Patent No. 12,304,546

28.     The '546 Patent lists dbest products, Inc. as the applicant and assignee. *See* Exhibit B at 1.

29.     The '546 Patent, titled "Collapsible Carts," describes its purported invention as "a collapsible cart configured to transition from a closed condition where it may be folded up to an open condition where it may be expanded for use."

30.     Claims 1, 9, and 17 are the only independent claims of the '546 Patent.

31.     Plaintiff's Non-Infringing Products lack multiple required structural and functional limitations in the asserted independent claims of the '546 Patent. A claim-by-claim comparison of the independent claims of the '546 Patent to Plaintiff's Non-Infringing Products demonstrates that Plaintiff's Non-Infringing Products do not meet all the limitations of every asserted independent claim, either

literally or under the doctrine of equivalents. A true and correct copy of the claim-by-claim comparison of the independent claims of the '546 Patent to Plaintiff's Non-Infringing Products is attached hereto as Exhibit E.

32.    Claim 1 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a frame defining a compartment, wherein:

the frame comprises at least five walls, with at least three of the walls configured to rotatably fold inwardly when the cart is folded up into the closed condition, two of which are opposing walls;

the two opposing walls each being rotatably coupled to a wall that does not fold inwardly when the cart is folded up into the closed condition;

one of the two opposing walls consists of a first panel and a second panel; and the second panel rotatably coupled to the first panel;

a first latch part disposed on an edge of the first panel when the collapsible cart is in the closed condition and the open condition; and

a second latch part disposed on an edge of the second panel when the collapsible cart is in the closed condition and the open condition, wherein

the first latch part and the second latch part are configured to mate with one another and hold the first and second panels in a common plane when the first and second latch parts are latched together; and

when the first and second latch parts are unlatched from one another, the second panel is capable of rotating relative to the first panel.

*See* Ex. B at 13:19-45.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

33.   Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 1 because:

a.  Claim 1 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

b.  Claim 1 requires that at least three of the walls are configured to rotatably fold inwardly when the cart is folded up into the closed condition, two of which are opposing walls. In Plaintiff's Non-Infringing Products, none of the walls can be folded inwardly. To configure the Plaintiff's Non-Infringing Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. Moreover, Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. E.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

c. Claim 1 requires that the two opposing walls are each rotatably coupled to a wall that does not fold inwardly when the cart is folded up into the closed condition. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

d. Claim 1 requires that one of the two opposing walls consists of a first panel and a second panel, the second panel is rotatably coupled to the first panel. In Plaintiff's Non-Infringing Products, the first panel of one of the two opposing walls is not rotatably coupled to the second panel of one of the two opposing walls. Rather, the first panel of one of the two opposing walls is secured to the rear wall via an engaging structure, and the second panel of one of the two opposing walls is secured to the front wall via an engaging structure. *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
| --- | --- |
|  |

34. Claim 9 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a frame defining a compartment, wherein:

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

the frame comprises at least five walls, including a first wall, a second wall, a third wall, a fourth wall, and a fifth wall;

at least three of the walls are configured to fold inwardly toward the fifth wall

when the cart is in the closed condition;

the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel;

a fastener configured to selectively secure the first panel and the second panel in a substantially coplanar alignment, the fastener comprising:

a first fastener member integrally disposed on an edge of the first panel when the collapsible cart is in the closed condition and the open condition; and

a second fastener member integrally disposed on an edge of the second panel when the collapsible cart is in the closed condition and the open condition;

wherein the first fastener member and the second fastener member are configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment; and wherein, when the first fastener member and the second fastener member are disengaged, the second panel is capable of rotating relative to the first panel.

*See* Ex. B at 14:1-30.

35.    Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 9 because:

   a.    Claim 9 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state

for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

b. Claim 9 requires that at least three of the walls are configured to fold inwardly when the cart is folded up into the closed condition. In Plaintiff's Non-Infringing Products, none of the walls can be folded inwardly. To configure the Plaintiff's Non-Infringing Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. Moreover, Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. E.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

c. Claim 9 requires that the third wall comprises a first panel and a second panel, the second panel is rotatably coupled to the first panel. In Plaintiff's Non-Infringing Products, the first panel of the third wall is not rotatably coupled to the second panel of the third wall. Rather, the first panel of the third wall is secured to the rear wall via an engaging structure, and the second panel of the third wall is secured to the front wall via an engaging structure. *See* Ex. E.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  FIG. 1 |   |

36.     Claim 17 requires:

A collapsible cart configured to transition from a closed condition where it is folded up to an open condition where it is expanded for use, the collapsible cart comprising:

a frame defining a compartment, wherein:

the frame comprises a first wall, a second wall, a third wall, a fourth wall, and a fifth wall; at least the first, second, and third walls are configured to fold inwardly toward the fifth wall to the closed condition;

the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel;

the first wall and the second wall each have a height from top to bottom;

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

the third wall and the fourth wall each have a length from one edge to another; and

the height of each of the first and second walls is less than half the length of each of the third and fourth walls, such that the first and second walls are substantially coplanar with each other when folded inwardly to the closed condition;

a coupler configured to selectively secure the first panel and the second panel in a substantially coplanar alignment, the coupler comprising:

a first coupler member disposed on an edge of the first panel when the collapsible cart is in the closed condition and the open condition; and

a second coupler member disposed on an edge of the second panel when the collapsible cart is in the closed condition and the open condition;

wherein the first coupler member and the second coupler member are configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment; and

wherein, when the first coupler member and the second coupler member are disengaged, the second panel is able to rotate relative to the first panel.

*See* Ex. B at 14:56-15:24.

37.   Plaintiff's Non-Infringing Products do not meet all the limitations of Claim 17 because:

   a.   Claim 17 requires a collapsible cart. Plaintiff's Non-Infringing Products are collapsible storage boxes with two states: a folded state for compact storage and an expanded state for holding items. They cannot be used as a cart. *See* Ex. E.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

b. Claim 17 requires that at least the first, second, and third walls are configured to fold inwardly toward the fifth wall to the closed condition. In Plaintiff's Non-Infringing Products, none of the walls can be folded inwardly. To configure Plaintiff's Non-Infringing Products in the closed position, the right sidewall must be folded outwardly and the left sidewall must be detached. *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

c. Claim 17 requires that the third wall comprises a first panel and a second panel, the second panel rotatably coupled to the first panel. In Plaintiff's Non-Infringing Products, the first panel of the third wall is not rotatably coupled to the second panel of the third wall. Rather, the first panel of the third wall is secured to the rear wall via an engaging structure, and the second panel of the third wall is secured to the front wall via an engaging structure. *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
|  |  |

d. Claim 17 requires that the height of each of the first and second walls is less than half the length of each of the third and fourth walls, such that the first and second walls are substantially coplanar with each other when folded inwardly to the closed condition. In Plaintiff's Non-Infringing Products, the height of each of the first and second walls (i.e., the vertical height of the front and rear walls) is 19.3 cm, and the length of each of the third and the fourth walls (i.e., the

29

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

horizontal length of the left and right sidewalls) is 26.5 cm. The height of each of the first and second walls (19.3 cm) is greater than half the length of each of the third and fourth walls (13.25 cm). *See* Ex. E.

| The '546 Patent | Plaintiff's Non-Infringing Products |
|---|---|
| | |

**D. Defendant's Pattern of Abuse of Amazon's IP Enforcement System**

38. The foregoing are not intended to be exhaustive of Plaintiff's non-infringement contentions nor a waiver of any invalidity defenses. They demonstrate however that even the most cursory inspection of Defendant's products immediately reveals that Defendant's patents do not read on Plaintiff's Non-Infringing Products. Thus, there could not have been a good faith basis for sending infringement take-down requests to Amazon.

39. Indeed, Defendant directly competes with Plaintiff in the Amazon marketplace for collapsible storage boxes. Defendant operates its own Amazon storefront through which it sells its "Quik Box" line of stackable storage containers. A true and correct copy of one of Defendant's Quik Box product listings on Amazon is attached hereto as Exhibit F.

40.     Accordingly, Defendant abuses Amazon's intellectual property enforcement system to eliminate its competition. By asserting baseless patent infringement claims against Plaintiff's Non-Infringing Products through Amazon's internal enforcement mechanism, Defendant exploited Amazon's takedown procedures to effectively bypass judicial scrutiny and deprive Plaintiff of the ability to conduct its business on the platform.

41.     Plaintiff is not the only victim of Defendant's improper actions. For instance, on or about December 5, 2024, Defendant submitted an infringement complaint against another seller's shoe box product, which resulted in the removal of that seller's listings from Amazon.com. In response, the seller filed a declaratory judgment action asserting that the asserted U.S. Patent No. 12,103,576 was procured through inequitable conduct, and seeking, on that basis, a judgment of non-infringement, invalidity, and other appropriate relief. On January 23, 2025, rather than defend the merits of its claim, Defendant issued a covenant not to sue to evade judicial scrutiny and prompt dismissal of the case. *See* Complaint Exhibit 3, *iBeauty Limited Company et al. v. Dbest Products, Inc.*, No. 5:25-cv-05344-SVK (N.D. Cal. June 26, 2025), ECF No. 1-3.

42.     As a direct and proximate result of Defendant's Amazon complaint(s), Amazon removed Plaintiff's top-selling ASINs. Defendant's actions have significantly harmed Plaintiff's business operations, resulting in lost sales and profits, a substantial reduction in product rankings on Amazon, diminished market presence, decreased monthly storefront visitors, and damaged goodwill.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,275,446

43.     Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

44.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '446 Patent either directly, contributorily, or by

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiff's Non-Infringing Products.

45. The Non-Infringing Products do not meet all limitations of claim 1 of the '446 Patent. For example, they lack the limitation that "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition."

46. The Non-Infringing Products do not meet all limitations of claim 10 of the '446 Patent. For example, they lack the limitation that "the right sidewall and the left sidewall are configured to fold inwardly in the closed condition."

47. The Non-Infringing Products do not meet all limitations of claim 16 of the '446 Patent. For example, they lack the limitation that "the right sidewall comprising a first right panel rotatably coupled to a second right panel."

48. The Non-Infringing Products do not meet all limitations of claim 22 of the '446 Patent. For example, they lack the limitation that "at least three of the walls are configured to fold inwardly toward the fifth wall when the cart is in the closed condition."

49. Additionally, the Non-Infringing Products are not a "cart," as that term is properly construed. According to its plain and ordinary meaning, a "cart" refers to a small vehicle used to carry or transport items. The Non-Infringing Products are not used for transportation and serve solely as stationary storage containers. No reasonable consumer would consider them to be a transportation tool.

50. The foregoing are examples of missing elements and not a waiver of further non-infringement and potential invalidity claims and defenses.

51. An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '446 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '446 Patent. Plaintiff is entitled to a judgment declaring that it has not infringed and will not infringe any claim of the '446 Patent.

## COUNT II

## Declaratory Judgment of Non-Infringement of U.S. Patent No. 12,304,546

52. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

53. Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '546 Patent either directly, contributorily, or by inducement, literally or under the doctrine of equivalents, including through the making, use, importation into the United States, sale, and/or offer for sale of Plaintiff's Non-Infringing Products.

54. The Non-Infringing Products do not meet all limitations of claim 1 of the '546 Patent. For example, they lack the limitation that "at least three of the walls configured to rotatably fold inwardly when the cart is folded up into the closed condition."

55. The Non-Infringing Products do not meet all limitations of claim 9 of the '546 Patent. For example, they lack the limitation that "at least three of the walls are configured to fold inwardly toward the fifth wall when the cart is in the closed condition."

56. The Non-Infringing Products do not infringe at least claim 17 of the '546 Patent. For example, they lack the limitation that "the height of each of the first and second walls is less than half the length of each of the third and fourth walls, such that the first and second walls are substantially coplanar with each other when folded inwardly to the closed condition."

57. Additionally, the Non-Infringing Products are not a "cart," as that term is properly construed. According to its plain and ordinary meaning, a "cart"

refers to a small vehicle used to carry or transport items. The Non-Infringing Products are not used for transportation and serve solely as stationary storage containers. No reasonable consumer would consider them to be a transportation tool.

58. The foregoing are examples of missing elements and not a waiver of further non-infringement and potential invalidity claims and defenses.

59. An actual and justiciable case or controversy therefore exists between Plaintiff and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '546 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer for sale of the Non-Infringing Products does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '546 Patent. Plaintiff is entitled to a judgment declaring that it has not infringed and will not infringe any claim of the '546 Patent.

## COUNT III

### Trade Libel

60. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

61. Defendant intentionally made false and disparaging statements of fact regarding Plaintiff's Non-Infringing Products when it submitted a patent infringement complaint to Amazon alleging that Plaintiff's Non-Infringing Products infringed the '446 Patent and the '546 Patent. Defendant's complaint communicated to Amazon and through Amazon's enforcement mechanisms, to the commercial marketplace, that Plaintiff's Non-Infringing Products are infringing products, a false statement of material fact.

62. The statements in Defendant's patent infringement complaint to Amazon are false. As set forth herein, Plaintiff's Non-Infringing Products do not

34

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

infringe any valid claim of either the '446 Patent or the '546 Patent. No reasonable pre-filing investigation could support a good-faith assertion to the contrary.

63.    Defendant made its false statements with actual malice knowing they were false or with reckless disregard for their truth or falsity. Defendant is the manufacturer and assignee of the '446 Patent and the '546 Patent, which are directed to wheeled collapsible cart systems. Defendant knew that Plaintiff's products are storage boxes and that those products do not practice the claimed limitations in the '446 Patent and the '546 Patent. Defendant knew at the time of submitting its patent infringement complaint that Plaintiff's Non-Infringing Products were direct competitor to its Quik Box products.

64.    Alternatively, Defendant made the false statements with at least reckless disregard for their falsity, as it made no reasonable effort to compare the structural limitations of the '446 Patent and the '546 Patent claims against the actual structure of Plaintiff's products before submitting complaints that caused the removal of Plaintiff's listings.

65.    As a direct and proximate result of Defendant's false statements, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Products and other products, resulting in lost revenue and profits directly attributable to those lost sales.

66.    Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product reviews, ratings, and Amazon rankings, thereby resulting in lower product visibility in consumer searches and diminishing market presence.

67.    The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover. These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation,

which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

68.    Defendant's conduct was oppressive, fraudulent, and malicious within the meaning of California Civil Code § 3294, entitling Plaintiff to an award of punitive damages.

## COUNT IV

### Intentional Interference with Prospective Economic Advantage

69.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

70.    Plaintiff had a prospective economic relationship with the probability of future economic benefit; specifically, the ability to sell the Non-Infringing Products on Amazon.com to Amazon's existing and prospective customers.

71.    Defendant knew of these prospective relationships. Defendant is itself an Amazon marketplace seller and is fully aware of the commercial value of selling products through Amazon. Defendant operates its own Amazon storefront through which it sells competing collapsible storage box products, to include its Quik Box product line. Defendant directly benefits commercially from Plaintiff's exclusion from the Amazon marketplace.

72.    Defendant intentionally engaged in acts designed to disrupt Plaintiff's expectancy of sales of its products by submitting false and baseless patent infringement complaints to Amazon.com, knowing that Amazon would act upon those complaints by removing Plaintiff's listings for the Non-Infringing Products.

73.    Actual interference with the relationship between Plaintiff and Amazon's existing and prospective customers occurred in that Amazon removed its listings for the Non-Infringing Products.

74.    As a direct and proximate result of Defendant's interference, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Products and other products, resulting in lost revenue and profits directly attributable to those lost sales.

75.   Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product reviews, ratings, and Amazon rankings, thereby resulting in lower product visibility in consumer searches and diminishing market presence.

76.   The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover. These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## COUNT V

### Intentional Interference with Contractual Relations

77.   Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

78.   Plaintiff entered into the "Amazon Services Business Solutions Agreement," along with other agreements with Amazon, and conducts business through its storefront on Amazon.com.

79.   At all relevant times, this Agreement was valid and enforceable.

80.   Defendant knew of Plaintiff's contractual relationship with Amazon. Defendant is itself an Amazon marketplace seller in a contractual relationship with Amazon. Defendant operates its own Amazon storefront through which it sells competing collapsible storage box products, to include its Quik Box product line. Defendant directly benefits commercially from Plaintiff's exclusion from the Amazon marketplace.

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

81.    Defendant intentionally disrupted Plaintiff's contractual relationship with Amazon by submitting false and baseless patent infringement complaints to Amazon.com, knowing that Amazon would act upon those complaints by removing Plaintiff's listings for the Non-Infringing Products.

82.    As a direct and proximate result of Defendant's interference, Plaintiff has suffered damages, including significant losses in sales of the Non-Infringing Products and other products, resulting in lost revenue and profits directly attributable to those lost sales.

83.    Defendant's actions have significantly harmed Plaintiff's business operations by substantially reducing product rankings on Amazon, which directly impacts Plaintiff's product reviews, ratings, and Amazon rankings, thereby resulting in lower product visibility in consumer searches and diminishing market presence.

84.    The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover. These damages extend beyond lost revenue, causing harm to Plaintiff's goodwill and brand reputation, which are essential for maintaining competitive standing in the market. The exact amount of these damages will be proven at trial.

## COUNT VI

### State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200

85.    Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein and incorporates them by reference.

86.    Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices as defined under California Business and Professions Code § 17200, *et seq*.

87.    Defendant has acted unlawfully and unfairly by submitting baseless complaints to Amazon that resulted in the wrongful removal of Plaintiff's Non-Infringing Products from Amazon.com.

88.    By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiff's business operations, including the removal of the Non-Infringing Products that do not infringe any valid intellectual property rights.

89.    As a direct and proximate result of Defendant's unfair competition, Plaintiff has been, and continues to be, materially harmed in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for the following relief:

1.    A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' Non-Infringing Products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '446 Patent or the '546 Patent;

2.    Order Defendant to withdraw its infringement allegations for Amazon Standard Identification Numbers ("ASINs"), including but not limited to B0CSJM8131 and B0D2NF2L89, and to take all actions necessary to withdraw such infringement contentions.

3.    A permanent injunction enjoining Defendant from asserting the '446 Patent and '546 Patents against Plaintiff's Non-Infringing Products;

4.    Entry of judgment finding Defendant liable for trade libel;

5.    Entry of judgment finding Defendant liable for intentional interference with prospective economic advantage;

6.    Entry of judgment finding Defendant liable for intentional interference with contractual relations;

7.    Entry of judgment finding Defendant liable for unfair competition under California Business and Professions Code § 17200 *et seq.*;

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

8.  An award of compensatory damages sufficient to make Plaintiff whole for the harm caused by Defendant's conduct;

9.  An award of punitive damages in an amount to be determined at trial;

10. An award of reasonable attorneys' fees, to the extent authorized by law;

11. An award of Plaintiff's costs in this action;

12. All such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: April 3, 2026                Illovsky Gates & Calia LLP


By:___ */s/ Sean Gates*_____
              Sean Gates

COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF